Battle, J.
 

 The Act of 1840, ch. 30, on which the defendant was indicted, declares that
 
 “
 
 if any free negro, mulatto or free
 
 *206
 
 person of color shall wear, or cany about his or her person, or keep in his or her house any shot-gun, musket, rifle, pistol, sword, dagger or bowie-knife, unless he or she shall have obtained a license therefor from the Court of Pleas and Quarter Session of his or her county, within one year next preceding the wearing, keeping or carrying thereof, he or she shall be guilty of a misdemeanor, and may be indicted therefor.” We think it clear that the wearing, carrying about the person, or keeping in the house any of these prohibited articles is a distinct offence, and ought to be so charged in the bill of indictment, and proved on the trial. Whether the charging of two or more of them in the same count is bad for duplicity, so that the defendant might have objected to it on special demurrer, or had it quashed on motion, it is unnecessary for us to decide in this case, as no such demurrer was put in, or motion made. We are of opinion that the objection came too late at the trial; that proof of the unlawful wearing, carrying or keeping any one of the articles was sufficient to justify the conviction of the defendant as to that one, and that it was unnecessary to prove all, as charged. The objection is equally unavailing on a motion in arrest of judgment, or upon a writ of error. Arch. Crim. Pl. 55.
 
 State
 
 v.
 
 Haney,
 
 2 Dev. & Bat. Rep. 402. The judgment must be affirmed.
 

 Pek CuRIAm. Judgment affirmed.