STATE OF NORTH CAROLINA v. ROBERT KNIGHT

No. 7012SC401

(Filed 15 July 1970)

**Indictment and Warrant § 17; Narcotics § 4— sale of marijuana and heroin — variance between indictments and proof**

Variance between indictments charging defendant with sale of marijuana on July 11 and heroin on July 8 and evidence that the marijuana was sold on July 8 and the heroin on July 11, *held* not fatal.

APPEAL from *Hobgood, J.*, 23 February 1970 Session of CUMBERLAND Superior Court.

The defendant, Robert Knight, was tried under two valid bills of indictment charging him with the sale on 11 July 1969 of a narcotic drug; to wit, Marijuana, and with the sale on 8 July 1969 of a narcotic drug; to wit, Heroin. The defendant was tried before a jury and was represented by court-appointed counsel. The jury found the defendant guilty in both cases. From the judgment imposed, the defendant appealed to this Court.

*Robert Morgan, Attorney General, and James L. Blackburn, Staff Attorney, for the State.*

*Anderson, Nimocks and Broadfoot, by Henry L. Anderson, Jr., for the defendant appellant.*

HEDRICK, J.

The only exception brought forward by the defendant on this appeal is that the court committed error in failing to grant

the defendant's motion for a directed verdict and to dismiss the case at the close of the State's evidence. Counsel for the defendant candidly admits in his brief that he can find no specific error of prejudicial effect in the record which would justify a new trial. We agree with counsel for the defendant.

However, he does contend that the court erred in not directing a verdict in his favor in that the State failed to prove the elements of the case in that the alleged purchaser of the narcotic drugs testified on direct examination for the State that he purchased the marijuana on 8 July 1969 and that he purchased the heroin on 11 July 1969, instead of the reverse as stated in the bills of indictment. We do not believe this is such a fatal variance as to require a new trial. G.S. 15-155 provides:

> "No judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be stayed or reversed for . . . omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, *nor for stating the time imperfectly,* nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened; . . . ." (Emphasis added)

After a careful consideration of the record, it is our opinion that time was not of the essence in the present case and that the court below committed no prejudicial error.

No error.

BROCK and BRITT, JJ., concur.