STATE OF NORTH CAROLINA v. STEVE LEMMOND

No. 718SC445

(Filed 4 August 1971)

1. **Indictment and Warrant § 17— date of offense — variance between indictment and proof**

   Where time is not of the essence of the offense and the statute of limitations is not involved, a discrepancy between the date alleged in the indictment and the date shown by the State's evidence is ordinarily not fatal.

2. **Indictment and Warrant § 17; Narcotics § 4— possession and sale of narcotics — date of offenses — variance between indictment and proof**

   There was no fatal variance between an indictment charging the unlawful possession and sale of heroin on 10 October 1970 and evidence that the crimes occurred on 6 October 1970, where the statute of limitations was not involved and alibi was not relied on as a defense.

3. **Criminal Law § 99— expression of opinion — sustaining of court's own objections**

   In this prosecution for the unlawful possession and sale of heroin, the trial judge expressed an opinion in violation of G.S. 1-180 when he sustained his own objections to seven questions propounded by defense counsel to one State's witness, sustained his own objections to nine questions propounded by defense counsel to another State's witness, and told defense counsel on two occasions after sustaining his own objections, "You know better than that."

APPEAL by defendant from *Cooper, Judge,* 7 December 1970 Session of WAYNE Superior Court.

At the November 1970 Session of Wayne Superior Court the solicitor signed and submitted to the grand jury two bills of indictment against the defendant. No. 70-CR-9818 charged defendant with unlawful possession and sale on 10 October 1970 of the narcotic drug heroin. No. 70-CR-9819 charged defendant with unlawful possession and sale of the narcotic drug heroin on 6 October 1970. The two bills of indictment are identical except for the dates the offenses are alleged to have been committed. The grand jury found and returned both bills as true bills.

At the 7 December 1970 session of the court, defendant was arraigned on indictment No. 70-CR-9818 which charged that he committed the offenses of unlawful possession and sale of the narcotic drug heroin on 10 October 1970. He pleaded not guilty. The State introduced evidence showing unlawful posses-

State v. Lemmond

sion and sale of heroin by defendant on 6 October 1970. Defendant did not introduce evidence, but moved for nonsuit at the close of the State's evidence. The motion was overruled, and the court instructed the jury that they were not to be concerned with the fact that the indictment alleged that the offenses had been committed on 10 October 1970 while all of the evidence presented related to events occurring on 6 October 1970. The jury returned verdict finding defendant guilty of the unlawful possession and sale of the narcotic drug heroin on 6 October 1970. From judgment imposing a prison sentence on this verdict, defendant appealed.

*Attorney General Robert Morgan by Trial Attorney James E. Magner for the State.*

*George F. Taylor for defendant appellant.*

BRITT, Judge.

We hold that the court did not err in overruling defendant's motion for nonsuit.

[1] Where time is not of the essence of the offense and the statute of limitations is not involved, a discrepancy between the date alleged in the indictment and the date shown by the State's evidence is ordinarily not fatal. G.S. 15-155; *State v. Wilson,* 264 N.C. 373, 141 S.E. 2d 801; *State v. Williams,* 261 N.C. 172, 134 S.E. 2d 163; *State v. Baxley,* 223 N.C. 210, 25 S.E. 2d 621; *State v. Gore,* 207 N.C. 618, 178 S.E. 209; *State v. Overcash,* 182 N.C. 889, 109 S.E. 626; *State v. Lilly,* 3 N.C. App. 276, 164 S.E. 2d 498. This rule, however, cannot be used to ensnare a defendant and thereby deprive him of an opportunity to present his defense adequately, as where he relies upon alibi. *State v. Whittemore,* 255 N.C. 583, 122 S.E. 2d 396.

[2] Here, time was not an essential ingredient of the offense charged. *State v. Knight,* 9 N.C. App. 62, 175 S.E. 2d 332. See also *State v. Suddreth,* 223 N.C. 610, 27 S.E. 2d 623. The statute of limitations was not involved, and alibi was not relied on as a defense. The record before us does not show that any action has been taken on the indictment in 70-CR-9819. We fail to see at this point any error prejudicial to defendant caused by the two indictments.

Defendant contends that the trial court denied him a fair and impartial trial by "injecting itself into the prosecution" of defendant, thereby expressing an opinion in violation of G.S. 1-180. We agree with this contention.

[3] The principle of law pertinent to this contention was well stated by Parker, Judge, in *State v. Cox,* 6 N.C. App. 18, 169 S.E. 2d 134 (1969) as follows:

"Every person charged with crime has an absolute right to a fair trial before an impartial judge and an un-prejudiced jury in an atmosphere of judicial calm. *State v. Belk,* 268 N.C. 320, 150 S.E. 2d 481. To accord this right the trial judge must abstain from conduct or language which tends to discredit or prejudice the accused or his cause with the jury. He is expressly forbidden to convey to the jury, in any manner, at any stage of the trial, his opinion as to whether a fact is fully or sufficiently proven. G.S. 1-180. Our Supreme Court has said many times that G.S. 1-180 does not apply to the charge alone, but prohibits a trial judge from asking questions or making comments at any time during the trial which amount to an expression of opinion as to what has or has not been shown by the testimony of a witness. *Galloway v. Lawrence,* 266 N.C. 250, 145 S.E. 2d 861, and cases cited therein. The criterion for determining whether the trial judge deprived an accused of his right to a fair trial by improper comments or remarks in the hearing of the jury is the probable effect upon the jury. In applying this test, the utterance of the judge is to be considered in the light of the circumstances under which it was made. *State v. Carter,* 233 N.C. 581, 65 S.E. 2d 9."

In the instant case, W. H. Thompson and W. W. Campbell testified as witnesses for the State. During cross-examination of Thompson (set forth in six pages of the record) the court sustained its own objection to seven questions propounded by defense counsel. During cross-examination of Campbell (set forth in less than three pages of the record) the court sustained its own objection to nine questions propounded by defense counsel. On two occasions after sustaining its own objections, the court in the presence of the jury told defendant's counsel, "You know better than that."

We recognize the general rule that a trial court, in the exercise of its right to control and regulate the conduct of the trial, may, of its own motion, exclude or strike evidence which is wholly incompetent or inadmissible for any purpose, even though no objection is interposed to such evidence. *Greer v. Whittington,* 251 N.C. 630, 111 S.E. 2d 912 (1960). But we think the instant case is analogous to *State v. Frazier,* 278 N.C. 458, 180 S.E. 2d 128 (1971) where Justice Huskins, speaking for the Supreme Court said: "As already noted, some of the judge's comments run counter to the intent and meaning of G.S. 1-180. Some do not. Any one of them standing alone, even when erroneous, might not be regarded as prejudicial. But when all the incidents are viewed in light of their cumulative effect upon the jury, we are constrained to hold that the cold neutrality of the law was breached to the prejudice of this defendant. The content, tenor, and frequency of the remarks, and the persistence on the part of the trial judge portray an antagonistic attitude toward the defense and convey to the jury the impression of judicial leaning prohibited by G.S. 1-180. This requires a new trial."

For the reasons stated a new trial is ordered. We deem it unnecessary to consider the other questions raised in the briefs.

New trial.

Judges MORRIS and PARKER concur.