State v. Raynor

STATE OF NORTH CAROLINA v. LASALE CORNELL RAYNOR

No. 738SC450

(Filed 8 August 1973)

Forgery § 2; Indictment and Warrant § 17— date of crime — variance in allegation and proof not fatal

In a prosecution for forgery and uttering forged instruments where the indictments charged the commission of the crimes on 5 and 9 May 1972 but the evidence showed that they actually occurred on 29 May 1972, any variance between allegation and proof was not prejudicial to defendant where the checks involved were attached to and made a part of the indictments, thus fully informing defendant of the charges against him and protecting him from any subsequent trial for the same offenses.

APPEAL by defendant from *Webb, Judge,* 27 November 1972 Session of Superior Court held in WAYNE County.

Defendant was charged with forgery and uttering forged instruments in two separate bills of indictment. He pleaded not guilty. The jury found him guilty and the judge imposed four prison terms of five to seven years to run concurrently.

The bills of indictment set out that the offenses occurred on 5 May 1972 and 9 May 1972 respectively although the attached checks, which were incorporated into the indictment, were dated 29 May 1972.

The evidence for the State tended to show that 34 personalized checks were stolen from Ed's Trailer Park and Rentals in Pikeville and two of them in the amounts of $83.00 and $136.00 were presented to Belk-Tyler Department Store in Goldsboro by the defendant on 29 May 1972. The checks were payable to Wash Raynor and purportedly endorsed by him. The check for $83.00 was accepted by a clerk and defendant was given merchandise worth approximately $20.00 and the balance in cash. Upon a second occasion the check for $136.00 was presented to another clerk who called the bank to determine if there were sufficient funds to cover it. While the clerk was making the call, defendant "took off" leaving the check. Defendant did not come back for the check, and it was never cashed.

Defendant was arrested on 31 August 1972. After being advised of his constitutional rights, he signed waiver of counsel. Upon a *voir dire* hearing at the trial the court found that the defendant freely, knowingly and understandingly executed this waiver of counsel.

Later he admitted to the officer that he had written the endorsement on the $83.00 check and cashed it at Belk-Tyler's and had written the $136.00 check and attempted to cash it but left the store.

Defendant did not introduce any evidence.

From judgment imposed, defendant appealed.

*Attorney General Morgan, by Assistant Attorney General Eagles, for the State.*

*Herbert B. Hulse for defendant appellant.*

BALEY, Judge.

Defendant contends there is a fatal variance between the charge in the indictments and the proof in that the indictments charged the commission of the crimes on 5 and 9 May 1972 when the evidence showed that they actually occurred on 29 May 1972.

The checks involved were attached to and made a part of the indictment. Defendant was fully informed of the charges against him and protected from any subsequent trial for the same offenses. Any variance in allegation and proof was not prejudicial.

"The time alleged in an indictment is not usually an essential ingredient of the offense charged, and the State ordinarily may prove that it was committed on some other date." *State v. Wilson,* 264 N.C. 373, 377, 141 S.E. 2d 801, 804. *See also State v. Lilley,* 3 N.C. App. 276, 164 S.E. 2d 498. G.S. 15-155 also provides in part: "No judgment upon any indictment for felony or misdemeanor . . . shall be stayed or reversed . . . for stating the time imperfectly. . . . "

Other assignments of error concerning the charge of the court with respect to flight and the procedure by which the verdict was returned are without merit. The evidence against defendant was clear and convincing. We find no prejudicial error in the trial.

No error.

Judges CAMPBELL and BRITT concur.