STATE OF NORTH CAROLINA v. JOHN RICKY BARRINGTON

No. 7515SC697

(Filed 17 December 1975)

Larceny § 7— breaking into coin operated machines — sufficiency of evidence

Evidence was sufficient to be submitted to the jury in a prosecution for breaking into coin operated machines at a self-service laundry where such evidence tended to show that defendant and three females went to the laundromat planning to break into the machines and two of the females kept a lookout while defendant broke open the machines with a screwdriver and stole money; also, discrepancy concerning the time the machines were broken into did not require nonsuit since time was not of the essence of the offense charged in this case.

APPEAL by defendant from *Alvis, Judge.* Judgment entered 15 May 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 21 November 1975.

From a judgment in district court defendant appealed to superior court where he was tried and found guilty of breaking into coin operated machines at a self-service laundry. The su-

perior court judgment imposed an active prison sentence and defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Cynthia Jean Zeliff, for the State.*

*Harris & McEntire, by Mitchell M. McEntire, for defendant appellant.*

ARNOLD, Judge.

Defendant first assigns as error the denial of his motion for judgment as of nonsuit at the close of the State's evidence. Defendant offered no evidence.

There was no error in refusing defendant's motion. A motion to nonsuit requires that the evidence be considered in the light most favorable to the State, be taken as true, and that the State be given the benefit of every reasonable inference to be drawn therefrom. *State v. Goines,* 273 N.C. 509, 160 S.E. 2d 469 (1968).

In the light most favorable to the State the evidence clearly showed that defendant and three females, who testified for the State, went to the laundromat planning to break into the machines. Two of the females "looked out for people in cars" while defendant, with the use of a screwdriver, broke open the machines, and stole money in the amount of ninety dollars.

We also reject defendant's contention that nonsuit should have been allowed because of a discrepancy in the evidence concerning the time when the machines were broken into. Time is not of the essence of the offense charged in this case. *State v. Lemmond,* 12 N.C. App. 128, 182 S.E. 2d 636 (1971). The only contradictory evidence concerned the date of the occurrence, and there was plenary evidence to support the allegations in the indictment.

Finally defendant argues that the court erred in refusing to charge the jury as to the potential bias of Officer Fox because Officer Fox was both the owner of the machines that were broken into, and the officer who investigated the alleged crime. We see no merit in this argument.

Officer Fox testified that he owned the machines, and that in addition to the damage the amount of money taken was estimated at ninety dollars.

We find that defendant's trial was free of prejudicial error.

No error.

Judges PARKER and HEDRICK concur.