STATE OF NORTH CAROLINA v. AARON EVANS

No. 774SC970

(Filed 2 May 1978)

1. Criminal Law § 76.5— voir dire on defendant's statement—no conflict in evidence—specific findings not required

Testimony by defendant on voir dire that he was under the impression that his statement made to a police officer would remain in his police file and would be seen only by the officer and testimony by defendant that an officer told him that he would get thirty years' imprisonment if he did not cooperate did not create a conflict in the evidence which the trial court was required to

resolve by a specific finding, since defendant was fully advised that anything he said could and would be used against him in court; and defendant was advised of his right to remain silent and he signed a written waiver of that right which added that "no promise or threat was made to him and no pressure or coercion had been used against him."

**2. Criminal Law § 119— request for instructions—ruling on request postponed— failure to renew request**

It was within the trial court's discretion to postpone his ruling on defendant's requested instruction; and when defendant subsequently failed to comply with the trial judge's direction to renew his request at a later time, defendant waived any right to an instruction which he might have asserted.

**3. Criminal Law § 99.8— court's examination of witnesses—no expression of opinion**

The trial court did not express an opinion in violation of G.S. 1-180 by questioning the witnesses himself where the questions asked tended to clarify the witnesses' testimony and were not aimed at discrediting or impeaching the witnesses.

**4. Criminal Law § 99.4— court's sustaining of own objections—no expression of opinion**

The trial court did not express an opinion in violation of G.S. 1-180 by sustaining his own objections to three answers given by defendant all of which were relating what someone else thought or said and by instructing the witness to refrain from testifying to the substance of another's remarks.

**5. Criminal Law § 163— misstatement of evidence in jury charge—necessity for objection**

Slight misstatements by the trial court in summarizing the evidence were more in the nature of slips of the tongue and as such could easily have been corrected by the trial judge if they had been called to his attention; therefore, by failing to object defendant lost his right to complain.

APPEAL by defendant from *Gavin, Judge.* Judgment entered 11 May 1977 in Superior Court, ONSLOW County. Heard in the Court of Appeals 30 March 1978.

Defendant was charged in proper bills of indictment with armed robbery. Upon his pleas of not guilty, the State presented evidence tending to show the following:

On 26 December 1976 at approximately 2:00 p.m., four marines were relaxing in a room at the Circle Drive Motel in Jacksonville, North Carolina. Suddenly the door swung open and several men entered, one of them drawing a pistol. The marines were ordered to lie on the beds facedown while the intruders took money from their wallets and pockets and some traveler's checks

belonging to one of the victims. After the robbers fled, the victims notified the police.

On 28 December 1976 the police, investigating an unrelated matter, were permitted to enter an apartment leased by Jack Hipp. Upon noticing some stolen furniture, the police advised Hipp and the defendant of their rights and requested permission to search the premises. With Hipp's consent, a search was conducted in which approximately fifteen hundred dollars worth of stolen property was found. Some traveler's checks bearing the name of one of the victims of the robbery were also found. Hipp and the defendant were arrested and taken to the police station where the defendant was questioned after again being advised of his rights. At the conclusion of the interrogation, the defendant signed a statement confessing to the robbery at the Circle Drive Motel.

The defendant offered evidence tending to show that at the time of the robbery he was at Hipp's apartment playing cards.

The jury found the defendant guilty of two counts of armed robbery. From judgments imposing two consecutive prison sentences of 25 years, the defendant appealed.

*Attorney General Edmisten, by Associate Attorney Thomas H. Davis, Jr., for the State.*

*Jimmy G. Gaylor for the defendant appellant.*

HEDRICK, Judge.

[1]   The defendant in his first three assignments of error contends that the trial court erred in its admission of the defendant's in-custody statement in which he admitted his participation in the robbery. The defendant argues essentially that the judge's finding at the conclusion of the *voir dire* that the defendant "knowingly, voluntarily and understandingly . . . waived his right to remain silent" was not supported by the evidence and was not sufficiently specific to resolve conflicts in the evidence.

The State's evidence on *voir dire* consisted of the testimony of Levi Simmons of the Jacksonville Police Department, the arresting officer. Officer Simmons testified that he arrested the defendant at approximately 6:15 p.m. on 28 December 1976, that he fully advised the defendant of his rights at that time, and that

the defendant responded that he understood his rights. Officer Simmons further testified that upon their arrival at the police station at approximately 7:45 p.m., he again advised the defendant of his rights and that the defendant signed a waiver of rights "acknowledging that he read the statement of his rights; that he understood what his rights were; that he was willing to make a statement and answer questions; that he did not want a lawyer at that time; that he understood what he was doing; that no promise or threat was made to him and no pressure or coercion had been used against him." Officer Simmons then read the defendant's written statement confessing to the robbery of the marines.

In support of his contentions the defendant argues that his own testimony at *voir dire* controverted the State's evidence and rendered the statement inadmissible, or at least necessitated specific findings to resolve conflicts. The defendant first refers to his testimony that when he inquired of Officer Simmons as to the purpose of the statement, the police officer responded that "it would be put in my police file." We do not agree with the defendant that the simple reply of Officer Simmons would "plainly indicate that the Defendant was under the impression that his statement would remain in his police file and no one but the officer would see it." To the contrary, uncontroverted evidence reflects that the defendant was fully advised of his "right to remain silent and that anything he said could and would be used against him in court." Accordingly, we find no conflict in the evidence on this point.

The defendant also directs us to his testimony that while Officer Simmons was absent from the interrogation room Officer Hudson, another police officer, told the defendant that "if I didn't cooperate he would see to it that I got thirty years." The State failed to offer any evidence to challenge this portion of the defendant's testimony. However, the record reflects that the defendant was fully advised of his right to remain silent at least twice and signed a written waiver of that right which added that "no promise or threat was made to him and no pressure or coercion had been used against him." Thus, assuming the accuracy of the defendant's bare assertion that Officer Hudson threatened him, we find ample evidence to support the trial judge's finding that "the defendant knowingly, voluntarily and understandingly . . . waived his right to remain silent."

The defendant's contention that the conflict in the evidence created by his testimony of Officer Hudson's threats required a specific finding by the trial judge is also without merit. At the conclusion of a *voir dire* hearing to determine the admissibility of an in-custody confession, the trial judge must make findings of fact sufficiently specific to resolve any material conflicts in the evidence. *State v. Siler*, 292 N.C. 543, 234 S.E. 2d 733 (1977). In *State v. Haskins*, 278 N.C. 52, 178 S.E. 2d 610 (1971), a defendant argued that testimony on *voir dire* that he was under the influence of drugs when he made the challenged confession created a conflict in the evidence which the trial judge was required to resolve by a specific finding. Justice Branch, speaking for our Supreme Court, reasoned that the judge's finding that the defendant " 'knowingly, intelligently and understandingly waived any constitutional rights . . .' implicitly carries the finding that his understanding and intelligence were not so adversely affected as to make him unconscious of the meaning of his words." 278 N.C. at 62, 178 S.E. 2d at 615. On the basis of *Haskins* we hold that the judge's finding in the present case that "the defendant . . . voluntarily . . . waived his right to remain silent" adequately conveyed a finding that the defendant acted on his own volition, free from any coercion on the part of Officer Hudson.

[2]  In his seventh assignment of error, the defendant contends that the trial court erred in failing to instruct the jury upon the withdrawal of identification evidence which was found inadmissible. When one of the victims of the robbery identified the defendant as the perpetrator of the crime, the defendant objected. After a *voir dire* hearing, the trial judge sustained the defendant's objection and ruled the testimony inadmissible. The defendant then requested an instruction withdrawing the evidence, and the trial judge directed the defendant to renew his objection at a later time when he would rule on it. The defendant failed to renew his objection thereafter, and the requested instruction was never rendered. It is unclear why the trial judge postponed his ruling on the defendant's requested instruction. However, we think that it was within his discretion to do so, *Miller v. Greenwood*, 218 N.C. 146, 10 S.E. 2d 708 (1940); and when the defendant subsequently failed to comply with the judge's direction, he waived any right to an instruction which he might have asserted.

The defendant next contends that the trial judge improperly intimated an opinion in violation of G.S. 1-180 in his "repeated

questioning" of witnesses and in sustaining his own objections. G.S. 1-180 has been interpreted by our courts on numerous occasions to require a trial judge to evince a courtroom demeanor of absolute impartiality. *State v. Greene*, 285 N.C. 482, 206 S.E. 2d 229 (1974). In the performance of his many functions including his interaction with the lawyers and witnesses he must avoid the appearance of favoring one party over another. *State v. Greene, supra.*

[3] The record reflects that at several points during the trial the judge intervened in the examination of witnesses and propounded his own questions. It is established that a trial judge has the right and duty to control the examination of witnesses and to ask questions tending to clarify the witness' testimony for the jury. *State v. Tinsley*, 283 N.C. 564, 196 S.E. 2d 746 (1973). In doing so, the judge must refrain from impeaching or discrediting a witness or demonstrating any hostility toward the witness. 1 Stansbury's N.C. Evidence § 37 (Brandis Rev. 1973). The defendant refers to several exchanges between the judge and witnesses. We have examined each of these exchanges and are unable to detect an indirect expression of opinion by the judge. While the judge made no attempt to conceal his impatience at times, it was indiscriminately directed at State witnesses as well as defense witnesses. On each occasion the questions asked tended to clarify the witness' testimony and were not aimed at discrediting or impeaching the witness.

[4] The defendant also directs our attention to several instances in which the trial judge sustained his own objections. The trial judge undoubtedly has the right to exclude objectionable evidence without an objection by the opposing party. 1 Stansbury's N.C. Evidence § 27 (Brandis Rev. 1973). However, G.S. 1-180 prohibits him from doing so in such a manner as to exhibit any hostility toward the party offering the evidence thereby expressing an opinion. *State v. Staley*, 292 N.C. 160, 232 S.E. 2d 680 (1977). The defendant cites *State v. Lemmond*, 12 N.C. App. 128, 182 S.E. 2d 636 (1971), as authority for his position. In *Lemmond* the trial court sustained its own objections to 16 questions asked by defense counsel and accompanied two of the objections with admonishments. In the present case, the trial court sustained its own objections to three answers given by the defendant all of which were relating what someone else thought or said. The

judge properly instructed the witness to refrain from testifying to the substance of another's remarks. We think that *Lemmond* is clearly distinguishable and that in our case the trial judge exercised his discretion without exceeding the bounds of impartiality and cold neutrality. These assignments of error are overruled.

[5]   By his sixteenth and seventeenth assignments of error, the defendant contends that the trial court misstated the evidence on material points entitling him to a new trial even in the absence of objection. As a general rule, a misstatement of the evidence or contentions by the trial judge will not entitle a defendant to a new trial unless the defendant makes a timely objection and calls it to the attention of the judge to permit him to correct it. *State v. Lambe*, 232 N.C. 570, 61 S.E. 2d 608 (1950); *Huff v. Thornton*, 287 N.C. 1, 213 S.E. 2d 198 (1975). The defendant seeks to invoke the exception to this rule found in *State v. Stroud*, 10 N.C. App. 30, 177 S.E. 2d 912 (1970). In *Stroud* the court's charge to the jury covered 66 pages in the record and was the source of 60 exceptions. The defendant in that case contended that in summarizing the contentions in the charge the trial judge expressed an opinion in violation of G.S. 1-180. After quoting a long segment of the charge and citing several examples of expressions by the judge tending to intimate an opinion, this Court held the following:

> "While ordinarily error in stating contentions of the parties must be brought to the trial court's attention in time to afford opportunity for correction, where the misstatement of a contention upon a material point includes an assumption of evidence entirely unsupported by the record, the misstatement must be held prejudicial, notwithstanding the absence of timely objection. [Citations omitted.]"

10 N.C. App. at 36-7, 177 S.E. 2d at 916.

In the present case, the defendant cites two statements by the judge which he argues are unsupported by the evidence. While summarizing the testimony of one of the victims concerning the actual perpetration of the robbery, the judge charged that "[h]e said one of the blacks that walked into that room number 15 looked like the defendant Evans." The record discloses that the witness testified that "a man that resembles Mr. Evans" was seen in the motel room a half hour before the robbery. In summarizing the defendant's testimony explaining the reason he signed the

confession, the judge instructed that "[h]e said that the participants in the robbery *with him* were his good friends, that he was covering up for them, and that this statement he made was false." The record establishes that the defendant testified that the perpetrators of the robbery were his friends, that he signed the confession "to deceive" the police and that he was not involved in the robbery.

We find this case distinguishable from *Stroud*. In *Stroud* the charge was replete with expressions by the judge tending to give emphasis to the State's contentions and containing some inaccuracies. We do not think that the two misstatements cited by the defendant rise to the level of potential harm of the overall charge in *Stroud*. The misstatements herein were more in the nature of slips of the tongue and as such could easily have been corrected by the trial judge if they had been called to his attention. Therefore, we hold that by failing to object the defendant lost his right to complain.

The remaining assignments of error which the defendant argues in his brief pertain to the admission and exclusion of evidence. We have carefully examined the relevant portions of the record and find no prejudicial error in the trial judge's rulings thereon.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge MITCHELL concur.