STATE OF NORTH CAROLINA v. BOBBY WADE PRINCE

No. 8010SC276

(Filed 7 October 1980)

1. **Forgery § 2– elements of crime omitted from final mandate — convictions reversed**

    Defendant's convictions for forgery must be reversed where the trial court, in its final mandate to the jury, omitted two essential elements of forgery: (1) the false making of an instrument, and (2) the appearance of the instrument as genuine.

2. **Criminal Law § 101.4– forgery case — taking checks into jury room — error not prejudicial**

    The trial court in a forgery prosecution erred in allowing the jury, without defendant's consent, to take into the jury room during deliberations checks which had been introduced into evidence, but defendant failed to show that such error was prejudicial to him. G.S. 15A-1233(b).

3. **Forgery § 2.2– exact date of forgery not shown — defendant not prejudiced**

    The trial court did not err in failing to dismiss one of the indictments for forgery and uttering because the indictment charged the crimes were committed on 25 April 1979 but the State could not prove the exact date of the forgery and uttering, since time is not of the essence in the crimes of forgery and uttering a forged check, and since defendant did not demonstrate any prejudice to him by the absence of proof of the exact date.

4. **Forgery § 2.2– sufficiency of circumstantial evidence**

    Evidence that two checks had been forged and that defendant cashed them was sufficient circumstantial evidence for the jury to find that defendant forged the checks, even without eyewitness testimony that defendant wrote the checks and without expert testimony that it was his handwriting on the checks.

APPEAL by defendant from *Lane, Judge.* Judgment entered 7 November 1979 in Superior Court, WAKE County. Heard in the Court of Appeals 27 August 1980.

Defendant was indicted on two counts of forgery and two counts of uttering a forged check. The charges were consolidated for trial without objection. Algernon Burton and Fred Weston Ray, Jr. each testified he had cashed a check at his place of business for $20.00 purportedly drawn to the order of Bobby Prince and signed by Della Potter. Each also identified the person who presented a check to him as the defendant. Della Potter identified the checks as her personal checks and testified that she did not sign either one of them.

The defendant testified he was in South Carolina at the times the checks were cashed.

The defendant was convicted on all counts. He was sentenced to not less than five nor more than eight years on one of the forgery charges consolidated for judgment with an uttering charge. He was sentenced to not less than eight nor more than ten years on the other forgery charge which was consolidated for judgment with an uttering charge. The sentences were to run consecutively. Defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Kaye R. Webb, for the State.*

*Brenton D. Adams for defendant appellant.*

WEBB, Judge.

[1] The defendant's first assignment of error pertains to the charge. The court correctly charged the jury as to what the State had to prove in order for the jury to find the defendant guilty of forgery. Then in the final mandate it charged as follows:

> "So I charge if you find from the evidence beyond a reasonable doubt that on or about the 25th day of April, 1979, the defendant, Bobby Wayne Prince, intending to defraud and intending to suggest that the checks identified by State's Exhibit 1 and 2 were genuine, it would be your duty to return a verdict of guilty as charged."

Two essential elements of forgery are the false making of an instrument and the appearance of the instrument as genuine. *See State v. McAllister*, 287 N.C. 178, 214 S.E. 2d 75 (1975). Both these elements were omitted from the mandate. Although the

court correctly charged the jury at one point as to the elements of forgery, we hold that the error in the final mandate requires that the convictions for forgery be reversed. *See State v. Dooley,* 285 N.C. 158, 203 S.E. 2d 815 (1974) for a case which holds that a reversal is required if there is error in the final mandate even if proper instructions are given at another place in the charge.

**[2]** Defendant also assigns as error the court's allowing the jury during its deliberations to take into the jury room, without the consent of the defendant, the checks which had been introduced into evidence. G.S. 15A-1233(b) provides:

> Upon request by the jury and with consent of all parties, the judge may in his discretion permit the jury to take to the jury room exhibits and writings which have been received in evidence.

It was error for the court to allow the checks to be taken into the jury room without the consent of the defendant. However, we hold that the defendant has not demonstrated the error was prejudicial. *See State v. Jolly,* 297 N.C. 121, 254 S.E. 2d 1 (1979). After a review of the record, we cannot hold that "there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached" as required by G.S. 15A-1443(a) in order to reverse.

**[3]** The defendant next contends it was error not to dismiss one of the indictments for forgery and uttering because the indictment charged the crimes were committed on 25 April 1979 and the State could not prove the exact date of the forgery and uttering. Fred Weston Ray, Jr. testified: "I do not know the exact date that I received the check. . . . It had to be around the time the check was wrote." Time is not of the essence in the crimes of forgery and uttering a forged check. *State v. Raynor,* 19 N.C. App. 191, 198 S.E. 2d 198 (1973). The defendant has not demonstrated any prejudice to him by the witness's not being able to remember the exact day on which he received the check. Defendant relies on *State v. White,* 3 N.C. App. 31, 164 S.E. 2d 36 (1968). In that case the defendant was tried on a warrant which charged him with committing a traffic offense in June. The evidence showed that any offense that may have been committed occurred in November. We believe the case sub judice is clearly distinguishable. This assignment of error is overruled.

The defendant's fourth assignment of error is to the court's failure to quash the bill of indictments for forgery. The indictments alleged the defendant forged the checks. Defendant contends they should have averred he was alleged to have forged the checks. This assignment of error is overruled. *See State v. McAllister, supra.*

**[4]** The defendant's last assignment of error is to the overruling of his motion to dismiss both forgery charges. He contends there is no eyewitness testimony that the defendant wrote the checks and no expert testimony that it was his handwriting on the checks. There was evidence that the checks had been forged. There was also evidence that the defendant cashed the two checks. We hold this was circumstantial evidence sufficient for the jury to find that the defendant forged the checks.

Defendant was sentenced to from five to eight years on one charge of forgery consolidated for judgment with a charge of uttering a forged instrument. He was sentenced to from eight to ten years on the other charge of forgery consolidated for judgment with a charge of uttering a forged check. The second sentence is to commence at the expiration of the first. For reasons stated in this opinion, we reverse the convictions of forgery and hold there was no error in the convictions of uttering forged checks. G.S. 15A-1447(e) provides:

> If the appellate court affirms one or more of the charges, but not all of them, and makes a finding that the sentence is sustained by the charge or charges which are affirmed and is appropriate, the court may affirm the sentence.

The sentences for the charges of uttering the forged checks are sustained by the charges. *See* G.S. 14-120. On this record we cannot find the sentences were appropriate. *See State v. Boone,* 297 N.C. 652, 256 S.E. 2d 683 (1979). For this reason, we remand the cases involving the charges for uttering forged instruments to the superior court for resentencing.

In both cases of forgery, new trial.

In both cases of uttering a forged check, remanded for resentencing.

Judges VAUGHN and MARTIN (Robert M.) concur.