Dixon v. Wall

JACKIE DIANE DIXON v. SAMMY WALL

No. 813SC566

(Filed 16 Feburary 1982)

**Automobiles § 90.14— instruction on contributory negligence erroneous**

In an action for personal injury arising out of an automobile accident, the trial court erred in instructing that plaintiff would be contributorily negligent if "she failed to apply her brakes and slow her vehicle to stop after rounding a curve and observing a tractor" as by so charging, the court allowed the jury to find plaintiff contributorily negligent, even though she did not violate her duty of care under our case and statutory law.

APPEAL by plaintiff from *Winberry, Judge.* Judgment entered 23 January 1981 in Superior Court, PITT County. Heard in the Court of Appeals 2 February 1982.

This is an action for personal injury arising out of an automobile accident which occurred on 21 August 1979. The plaintiff's evidence tended to show that she was driving west on North Carolina Highway 102, a paved road near Calico. She testified she was going 30 miles per hour in a 55 mile zone because it was foggy and damp. After rounding a curve, she saw Bryan Avery, an employee of the defendant, driving a tractor pulling two trucks in an easterly direction in the east bound lane. She testified that she "kept on going because I didn't know he was going to turn in front of me. All at once he turned in front of me and I cut out to keep from hitting him." The plaintiff's automobile left the paved portion of the highway and struck a culvert in the defendant's front yard. She received personal injuries.

Bryan Avery testified that he did not see a car and that he stopped, looked both ways, and turned into the defendant's driveway at which time he heard a car sliding. He looked back and saw the plaintiff's car hit a tree. The defendant testified that he was following the tractor and the two trucks; that his estimate of the visibility in the fog was 100 to 150 yards; that he did not see any cars on the highway before Bryan Avery turned; and that the plaintiff's car started sliding after Bryan Avery began to turn.

The judge instructed the jury on the law of negligence and contributory negligence. In his final mandate, he charged on contributory negligence as follows:

"Finally, as to the contributory negligence issue, I instruct you that if the defendant has proved by the greater weight of the evidence that at the time of the occurrence which is the subject of this lawsuit that Jackie Diane Dixon, the plaintiff, was negligent in any one or more of the following respects . . . that she failed to apply her brakes and slow her vehicle to a stop after rounding a curve and observing a tractor . . . and if the defendant has further proved by the greater weight of the evidence that such negligence was a proximate cause of and contributed to the plaintiff's injury or damage, then it would be your duty to answer this issue yes, in favor of the defendant. On the other hand, if considering all of the evidence, the defendant has failed to prove such negligence or proximate cause, then it would be your duty to answer this issue no, in favor of the plaintiff."

The jury answered yes to the issues of negligence and contributory negligence. The plaintiff appealed.

*Gaylord, Singleton and McNally, by Louis W. Gaylord, Jr. and Danny D. McNally, for plaintiff appellant.*

*Speight, Watson and Brewer, by W. Walton Kitchin, Jr., for defendant appellee.*

WEBB, Judge.

The plaintiff presents two assignments of error. We consider one of them. The plaintiff assigns error to the court's instruction that she would be contributorily negligent if "she failed to apply her brakes and slow her vehicle to a stop after rounding a curve and observing a tractor." We believe this assignment of error has merit. The essence of this instruction is that when the plaintiff saw the tractor, she had to stop, even if it was within its own lane. The plaintiff had the right to assume, and to act on that assumption, that the driver of a vehicle approaching from the opposite direction would comply with statutory requirements before making a left turn across her path. *See Petree v. Johnson,* 2 N.C. App. 336, 163 S.E. 2d 87 (1968). There was evidence in the case sub judice that Bryan Avery gave no indication that he was going to turn and that the plaintiff did not have time to stop in order to avoid an accident when he did turn. By charging that the plaintiff had to stop when she saw the tractor, the court allowed the jury

to find her contributorily negligent, even though she did not violate her duty of care under our case and statutory law. This error in the final mandate requires that we award the plaintiff a new trial. *See State v. Prince*, 49 N.C. App. 145, 270 S.E. 2d 521 (1980).

The defendant contends that the instruction was proper because it applied the law to the evidence that the plaintiff failed to apply her brakes when she saw Bryan Avery turn the tractor to enter the driveway. We cannot assume from this instruction that the jury would know the court intended that they would find the plaintiff contributorily negligent if they found she did not apply her brakes when she saw the tractor turn to enter the driveway.

New trial.

Judges MARTIN (Robert M.) and WELLS concur.