STATE *v.* CLONTZ

STATE OF NORTH CAROLINA v. SHUFORD HOYLE CLONTZ, JR.

No. 6928SC163

(Filed 28 May 1969)

**1. False Pretense § 2— sufficiency of indictment**

In this prosecution for obtaining property by false pretense, the indictment is not ambiguous in alleging that defendant presented to the prosecuting witness a check which defendant had endorsed in the name of another person, it being clear from the entire indictment that defendant was charged with obtaining property by false pretense and not with forgery.

**2. False Pretense § 1— elements of the offense**

In a criminal prosecution for false pretense the State must prove beyond a reasonable doubt (1) that the representation was made as alleged, (2) that property or something of value was obtained by reason of the representation, (3) that the representation was false, (4) that it was made with intent to defraud, and (5) that it actually did deceive and defraud the person to whom it was made.

**3. Criminal Law § 162— failure to object to or move to strike evidence**

Assignment of error to the admission of evidence concerning defendant's character is overruled where the record does not show that defendant objected to the evidence or made a motion to strike or that the evidence was solicited by the State.

APPEAL by defendant from *McLean, J.,* November 1968 Criminal Session, Superior Court of BUNCOMBE.

Defendant is charged in the bill of indictment with obtaining property by means of false pretenses from Lowe's of Asheville, North Carolina. Defendant entered a plea of not guilty.

Defendant entered Lowe's of Asheville on 21 June 1968 at approximately 8 a.m. for the purpose of purchasing paint. Ray Ferguson, a salesman for Lowe's waited on the defendant. In writing a sales ticket for the purchase, Ferguson asked defendant for his name and defendant gave his name as Thomas Crabtree, Enka, North Carolina. Defendant paid for the merchandise by check, which he signed as Thomas Crabtree, and offered a driver's license which had been issued to Thomas E. Crabtree for identification. Ferguson identified the defendant, Shuford Hoyle Clontz, Jr., as being the same person who had on the morning of 21 June 1968 represented himself as being Thomas Crabtree. The check given to Lowe's by the defendant was not paid by the drawee bank.

From a verdict of guilty as charged and a judgment of confinement for a period of six years with credit given for the time spent in jail awaiting trial, defendant appealed.

STATE *v.* CLONTZ

*Attorney General Robert Morgan by Assistant Attorney General George A. Goodwyn for the State.*

*Floyd D. Brock for defendant appellant.*

MORRIS, J.

Defendant assigns as error the refusal of the trial court to quash the indictment. The indictment charges that defendant

". . . unlawfully, knowingly, designedly and feloniously did unto Ray Ferguson, agent, servant and employee of Lowe's of Asheville, falsely pretend that he was Thomas E. Crabtree and presented to the said Ray Ferguson, agent, servant and employee of Lowe's of Asheville, a North Carolina Driver's License No. 2991601 bearing the name of Thomas E. Crabtree as identification in presenting to the said Ray Ferguson a personal check to which the said Shuford Hoyle Clontz, Jr. endorsed in the name of Thomas E. Crabtree.

Whereas, in truth and in fact the said Shuford Hoyle Clontz, Jr. was not one and the same person as Thomas E. Crabtree and the aforesaid Driver's License which the said Shuford Hoyle Clontz, Jr. presented for purposes of identification did not belong to the said Shuford Hoyle Clontz, Jr.

By means of which said false pretense he, the said Shuford Hoyle Clontz, Jr., knowingly, designedly and feloniously, did then and there unlawfully obtain from the said Ray Ferguson the following goods and things of value, the property of Lowe's of Asheville to wit: 8 gallons Holland Porcelain Enamel, 4 gallons Interior Vinyl Latex, 1 six inch Nylon Brush, 1 four inch Nylon Brush, and 1 three inch Bristle Brush, of the value of $90.25, with intent then and there to defraud, against the statute in such case made and provided, and against the peace and dignity of the State."

[1, 2] Defendant argues that the bill of indictment was ambiguous because it used the words ". . . in presenting to the said Ray Ferguson a personal check to which the said Shuford Hoyle Clontz, Jr. endorsed in the name of Thomas E. Crabtree." Defendant contends that by the use of these words in the indictment, it was unclear whether he was charged with forgery or obtaining property by false pretenses. We do not agree. In a criminal prosecution for false pretense, the State must prove the following elements beyond a reasonable doubt:

"(1) that the representation was made as alleged; (2) that

property or something of value was obtained by reason of the representation; (3) that the representation was false; (4) that it was made with intent to defraud; (5) that it actually did deceive and defraud the person to whom it was made." *State v. Carlson*, 171 N.C. 818, 89 S.E. 30.

While we do not regard the indictment as a model, we are of the opinion that in the present case the indictment fulfilled each of these requirements.

G.S. 15-153 provides:

"Every criminal proceeding by warrant, indictment, information, or impeachment is sufficient in form for all intents and purposes if it express the charge against the defendant in a plain, intelligible, and explicit manner; and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the court to proceed to judgment."

"We have repeatedly held that all that is required in an indictment, since the adoption of G.S. 15-153, is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense." *State v. Pinyatello*, 272 N.C. 312, 158 S.E. 2d 596.

The trial court did not commit error in refusing to grant the defendant's motion to quash the indictment.

[3] It is argued that certain evidence concerning the defendant's character was improperly admitted into evidence. However, the record does not reveal that this evidence was objected to, or that a motion to strike was made. Moreover, the record does not show that this evidence was solicited by the State. This assignment of error is overruled. 1 Strong, N. C. Index 2d, Appeal and Error, § 24.

The judgment below is

Affirmed.

CAMPBELL and BROCK, JJ., concur.