State v. Hawkins

STATE OF NORTH CAROLINA v. DENNIS HAWKINS, JR.

No. 7310SC593

(Filed 24 October 1973)

**Indictment and Warrant § 9— omission of year in which crime occurred**
Warrant charging defendant with driving while under the influence of intoxicants "on or about the 19 day of June, 19......" is not fatally defective by reason of the omission of the year in which the offense occurred. G.S. 15-155.

APPEAL by defendant from *Hobgood, Judge,* 26 March 1973 Session, Superior Court, WAKE County.

Defendant, on appeal from District Court, was convicted of driving an automobile upon the highways of this State while under the influence of intoxicating liquor. On appeal defendant raises only one question and decision does not require a recitation of the facts.

*Attorney General Morgan, by Assistant Attorney General Briley, for the State.*

*Tharrington, Smith and Hargrove, by Roger W. Smith, for defendant appellant.*

MORRIS, Judge.

The warrant upon which defendant was tried placed the time of the offense as "on or about the 19 day of June, 19___." The failure to insert the year is defendant's only assignment of error. Defendant cites *State v. Roberts,* 270 N.C. 449, 154 S.E. 2d 536 (1967), where the Court said: "The *indictment* here alleges that the offense was committed 'on the 26th day of April, A.D. 196___.' We do not approve of such careless pleading." *Id.* at 450. (Emphasis added.) Nor do we. We note, however; that the defendant in that case was not granted a new trial on that basis. Additionally, in the case before us, the officer who signed the complaint for the warrant before the magistrate swore to the information in the complaint on 19 June 1971. Also the warrant for arrest was executed by the magistrate on 19 June 1971. The sheriff certified that he received the "summons" on 19 June 1971 and that it was executed on 19 June 1971. We think there can be no doubt but that the offense occurred "on or about the 19 day of June, 1971." Defendant's position that the statute of limitations could have run is not well taken.

The warrant charged all the elements of the offense: driving a vehicle, upon a highway within the State, while under the influence of intoxicating liquor. G.S. 20-138.

> "All that is required in a warrant or bill of indictment since the adoption of G.S. 15-153 is that it be sufficient in form to express the charge against the defendant in a plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense." *State v. Anderson,* 259 N.C. 499, 501, 130 S.E. 2d 857 (1963).

Nor can we agree with defendant that time is of the essence in this situation. He entered his plea of not guilty; heard the evidence for the State, which included evidence that the offense occurred on 19 June 1971; took the stand in his own behalf; and not until the jury verdict of guilty was in did he move in arrest of judgment. We think the provisions of G.S. 15-155 are applicable:

> "No judgment upon any indictment for felony or misdemeanor, whether after verdict, or by confession, or otherwise, shall be stayed or reversed for the want of the averment of any matter unnecessary to be proved, nor for omission of the words 'as appears by the record,' or of the words 'with force and arms,' nor for the insertion of the words 'against the form of the statutes' instead of the words 'against the form of the statute,' or vice versa; nor for omission of the words 'against the form of the statute' or 'against the form of the statutes,' *nor for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened;* nor for want of a proper and perfect venue, when the court shall appear by the indictment to have had jurisdiction of the offense." (Emphasis added.)

Defendant was completely aware of the charge against him and the date on which it occurred. He had a fair and impartial trial, free from prejudicial error.

No error.

Judges CAMPBELL and BALEY concur.