STATE OF NORTH CAROLINA v. ELTON WAYNE WALSTON

No. 836SC860

(Filed 6 March 1984)

1. Criminal Law § 98.2 — refusal to sequester witnesses
    The trial court did not abuse its discretion in denying defendant's motion to sequester the six State's identification witnesses.

2. Criminal Law § 87.1 — leading questions
    The trial court did not abuse its discretion in permitting the prosecutor to ask State's witnesses leading questions as to whether they had seen defendant on a certain day.

3. Forgery § 2.2 — forgery and uttering — sufficiency of evidence
    The State's evidence was sufficient to support an inference that defendant knew that checks were forged so as to support his conviction for forgery and uttering where it tended to show that defendant attempted to obtain money or goods with the forged checks.

**4. False Pretense § 1— transfer of title not element of crime**

A transfer of title is not a necessary element of the offense of obtaining property by false pretenses. G.S. 14-100(a).

**5. False Pretense § 2.1— sufficiency of indictment**

An indictment alleging that defendant rented a typewriter with the promise to return it in an hour but failed to return it at any time thereafter was sufficient to charge the offense of obtaining property by false pretenses without an allegation that defendant had no intention of returning the typewriter.

APPEAL by defendant from *Brown, Judge.* Judgments entered 21 April 1983 in Superior Court, HALIFAX County. Heard in the Court of Appeals 10 February 1984.

*Attorney General Rufus L. Edmisten by Assistant Attorney General Steven F. Bryant for the State.*

*Jesse E. Shearin, Jr., for defendant appellant.*

BRASWELL, Judge.

Defendant was indicted, tried, and convicted on five charges of forgery and uttering, and one charge of obtaining property by false pretenses. He was sentenced to a total of 11 years in prison. The issues on appeal concern the denial of his motion to sequester the State's identification witnesses, the denial of his motion to dismiss the charges, the trial court's failure to instruct on the necessity of transfer of title as an element of obtaining property by false pretenses, and the sufficiency of the indictment charging defendant with obtaining property by false pretenses.

The State's evidence tends to show that on 21 and 23 February 1983, a man, identified as defendant, went into five businesses in Roanoke Rapids, and made purchases by presenting and endorsing checks made payable to Johnny Streeter, drawn on the account of Tau Valley Estates in Rocky Mount, and signed by Nell Byrd. In each instance but one, defendant presented a North Carolina driver's license with the name and photograph of Johnny Streeter on it as identification.

On 21 February 1983, defendant also went to Pruden's Office Equipment in Roanoke Rapids. There he again represented himself to be Johnny Streeter. He paid the manager $5.00 to rent a manual typewriter for an hour. Defendant took the typewriter and never returned it.

Johnny Streeter testified that he had lost his driver's license, that he did not know defendant, and that he had never given defendant permission to use his name. Nell Byrd, resident manager of Tau Valley Estates, testified that thirty-four checks were missing from the Tau Valley Estates' checkbook. Ms. Byrd further stated that Tau Valley Estates never had a tenant named Johnny Streeter, and that she had never signed the checks or given anyone permission to sign the checks for her.

Defendant presented evidence tending to show the lack of resemblance between the defendant and the photograph on the driver's license.

[1] Defendant's first argument is that the trial court erred in denying his motion to sequester six of the State's witnesses because their identification of the defendant was crucial. It is interesting to note that there were six totally separate identifications involved, and not six persons viewing the defendant in any type lineup or location which was common to all or suggestive by the presence of all. A motion to sequester witnesses is addressed to the discretion of the trial judge and the trial court's ruling denying the motion will not be disturbed absent a showing of an abuse of discretion. *State v. Woods*, 307 N.C. 213, 220, 297 S.E. 2d 574, 579 (1982). No abuse of discretion has been shown.

[2] Defendant next assigns as error the trial court's allowing the State to question each of its identification witnesses whether he or she had seen the defendant on a certain day. Defendant argues that these leading questions were unduly suggestive.

An exception to leading questions will not be sustained when the testimony is competent unless the defendant can show an abuse of discretion or that he was prejudiced by the court's allowing the leading question. *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977). The testimony identifying defendant was competent and relevant. The questions did not connect defendant to the passing of the checks to the witnesses, but merely asked the witnesses whether they had seen defendant that day. The questions were, therefore, not unduly suggestive. We conclude that defendant has failed to show an abuse of discretion or that he was prejudiced by the admission of the testimony. We note that although defendant made only one objection on the ground of leading, it was not followed by a motion to strike. To the other six

exceptions that appear in the record as to alleged leading questions, the defendant failed to object at trial and has thereby waived his right to take an exception on appeal. *See State v. Oliver*, 309 N.C. 326, 333, 307 S.E. 2d 304, 310-11 (1983).

[3] Defendant's third argument is that the trial court erred in denying his motions to dismiss the forgery and uttering charges because there was no evidence that defendant knew that the checks were forged. This contention is without merit.

"In testing the sufficiency of the evidence to sustain a conviction and to withstand a motion to dismiss, the reviewing court must determine whether there is substantial evidence of each essential element of the offense and substantial evidence that the defendant was the perpetrator of the offense." *State v. Smith*, 307 N.C. 516, 518, 299 S.E. 2d 431, 434 (1983). All the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be derived from the evidence. *State v. Calloway*, 305 N.C. 747, 291 S.E. 2d 622 (1982).

Taken in the light most favorable to the State, the evidence was sufficient to show the offer of a forged check to another, with knowledge of the falsity of the instrument, with the intent to defraud or injure another. *State v. Hill*, 31 N.C. App. 248, 229 S.E. 2d 810 (1976). The mere offer of the false instrument with fraudulent intent constituted an uttering or publishing. *State v. Greenlee*, 272 N.C. 651, 159 S.E. 2d 22 (1968). Moreover, there is a presumption that one in possession of a forged instrument who attempts to obtain money or goods with a forged instrument either forged or consented to the forging of the instrument. *See State v. Roberts*, 51 N.C. App. 221, 275 S.E. 2d 536, *review denied*, 303 N.C. 318, 281 S.E. 2d 657 (1981); *State v. Prince*, 49 N.C. App. 145, 270 S.E. 2d 521 (1980).

[4] Defendant next contends that the trial court erred by refusing to instruct the jury that transfer of title is a requirement for the offense of obtaining property by false pretenses.

At common law, a fine distinction was made between the crimes of obtaining property by false pretenses and larceny by trick which revolved around whether the victim was induced to part with title and possession, or possession only, by the accused's false pretense or deception. If the accused deceived the victim into

relinquishing possession of the property, the crime was larceny by trick. 3 Wharton's Criminal Law § 355 (14th ed. 1980). If the victim was induced to relinquish title to the property by the deception, the crime was obtaining property by false pretenses. *Id.* at § 441. To further complicate matters, if the defendant, having lawful possession of the property, wrongfully misappropriated or converted the property to his own use with the intent to permanently deprive, the crime was embezzlement. *Id.* at § 355.

The distinction between larceny and obtaining property by false pretenses has been abolished by statute in several jurisdictions. 32 Am. Jur. 2d *False Pretenses* § 4 (1982). Several states have held that it is not necessary to acquire title or ownership to commit the offense of obtaining property by false pretenses and hold that "obtaining" merely means securing possession. *Id.* at § 36.

In North Carolina, the crime of obtaining property by false pretenses is codified at G.S. 14-100, which provides in pertinent part:

§ 14-100. *Obtaining property by false pretenses.*

(a) If any person shall knowingly and designedly by means of any kind of false pretense whatsoever, whether the false pretense is of a past or subsisting fact or of a future fulfillment or event, obtain or attempt to obtain from any person within this State any money, goods, property, services, chose in action, or other thing of value with intent to cheat or defraud any person of such money, goods, property, services, chose in action or other thing of value, such person shall be guilty of a felony, and shall be punished as a Class H felon: . . .

The crime of obtaining property by false pretenses, therefore, is committed when an accused (1) makes a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another. *State v. Cronin,* 299 N.C. 229, 242, 262 S.E. 2d 277, 286 (1980). Nowhere in the statute or in the elements is it stated that a transfer of title is necessary for the commission of the offense. Defendant does not cite nor can we find any case in North

Carolina in which it is stated that a transfer of title is a necessary element of obtaining property by false pretenses. Furthermore, because of the existence of our statute on the crime of false pretense we are not called upon to apply the common law to the events in this case. We therefore conclude that the trial court did not err in refusing to give the requested instruction.

Having just concluded that a transfer of title is not a necessary element of the offense of obtaining property by false pretenses, we reject defendant's argument that the court erred in denying his motions to dismiss the obtained property by false pretenses charge because of lack of evidence of transfer of title to a typewriter leased but never returned. Defendant nonetheless further argues that the denial of his motions to dismiss the charge were improperly denied on the ground that there was no evidence the misrepresentation resulted in the defendant obtaining the typewriter. We also reject this argument. The crime of obtaining property by false pretenses may be committed when a defendant obtains goods by a willful misrepresentation of his identity. *State v. Tesenair,* 35 N.C. App. 531, 241 S.E. 2d 877 (1978); *State v. Clontz,* 4 N.C. App. 667, 167 S.E. 2d 520 (1969). Moreover, not only does the evidence show that defendant misrepresented his identity, it shows that defendant told Mr. Pruden, the manager of the office supply store, that he was a student at Halifax Community College; that he wanted to rent a typewriter for approximately an hour in order to type a resume; and that he was an expert typist, having been a typist in the service. Mr. Pruden thereupon agreed to rent the typewriter to defendant for five dollars with the understanding that defendant would return the typewriter within one hour.

[5]  Defendant's final contention is that the indictment is insufficient to charge defendant with the offense of obtaining property by false pretenses because the indictment lacked an allegation that defendant had no intention of keeping his promise to return the typewriter. This contention is without merit. The indictment, in pertinent part, is as follows:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did knowingly and designedly with the intent to

cheat and defraud obtain and attempt to obtain a Royal type-
writer from Pruden's Office Supply, Inc., a Corporation by
means of a false pretense which was calculated to deceive
and did deceive.

The false pretense consisted of the following: the said
defendant rented the said typewriter from Pruden's Office
Supply, Inc., a Corporation with the promise to return same
within one hour when in fact the said defendant did not re-
turn the said typewriter at any time thereafter.

An indictment under G.S. 15-153 is sufficient if it expresses the
charge in a plain, intelligible, and explicit manner, and will not be
quashed if sufficient matters appear in the bill to enable the court
to pronounce sentence in the event of a conviction and to give the
defendant notice of the charge against him. *State v. Russell,* 282
N.C. 240, 192 S.E. 2d 294 (1972). Generally, an indictment for a
statutory offense is sufficient if the offense is charged in the
words of the statute, either literally or substantially. *State v.
Beach,* 283 N.C. 261, 196 S.E. 2d 214 (1973). The indictment here
meets those tests.

In the trial of defendant, we find

No error.

Judges WELLS and PHILLIPS concur.