STATE OF NORTH CAROLINA v. ELSIE M. ANTHONY

No. 843SC710

(Filed 7 May 1985)

**1. False Pretense § 2— indictments—allegations that defendant's misrepresentations deceived—sufficient**

Indictments which alleged that defendant obtained property by a false pretense which was intended to deceive and which did deceive in that she received and accepted delivery of candy by misrepresenting her identity sufficiently alleged that defendant's misrepresentations deceived the vendor of the candy and that the property was obtained as a result of the misrepresentation.

**2. False Pretense § 3.1— obtaining candy by false pretense—evidence sufficient**

In a prosecution for obtaining candy by false pretense, the court did not err by denying defendant's motion to dismiss at the close of all the evidence where the jury could have found that defendant's fictitious name was a false representation on which the candy vendor relied in delivering the candy because the vendor would want to know the correct name of a person to whom he sold candy on credit.

**3. Criminal Law § 75.7— obtaining property by misrepresenting identity—officer's routine identification question—no Miranda warning—admissible**

In a prosecution for obtaining candy by false pretense in which defendant's name was an important part of the evidence against her, there was no error in admitting the testimony of an officer who had recorded defendant's name prior to reading defendant her constitutional rights.

**4. False Pretense § 3.2— acting in concert—evidence sufficient**

There was sufficient evidence to support the court's instruction on acting in concert where an officer testified that defendant had told him that a man named Franklin Frisby had ordered candy from the vendor under the name of Barry Johnson, and that Mr. Frisby had instructed defendant to receive the candy using the name A. Johnson, which she did.

APPEAL by defendant from *Small, Judge.* Judgment entered 22 February 1984 in Superior Court, CRAVEN County. Heard in the Court of Appeals 14 February 1985.

The defendant was tried on four charges of obtaining property by false pretenses. The State's evidence showed that in June 1983 a man calling himself Barry Johnson called by telephone Maurice Hill, Jr., who sold candy for School Plan, Inc. and ordered peanut brittle and chocolate candy in the amount of $1,357.20. The man who called himself Barry Johnson represented to Mr. Hill that the candy would be used for charity fund raising. The man requested that Mr. Hill deliver the candy to 422 Holiday City and said his wife would accept the delivery. Mr. Hill delivered the candy to that address where the defendant Elsie M. Anthony identified herself as "Mrs. A. Johnson" and signed for the delivery of the candy. At this time Mr. Hill explained to the defendant that weekly payments would be required.

The defendant acknowledged receipt of three more orders of candy by the man who called himself Barry Johnson. Each order was delivered to 422 Holiday City and the defendant signed for each order with the name "Mrs. A. Johnson." Mr. Hill delivered candy worth a total of $3,996.72. The defendant paid $1,050.00 for the candy. On 11 July 1983 Mr. Hill made his last delivery to the defendant and told her he could deliver no more candy until the bills for the candy were paid. After the last delivery was made Mr. Hill could not find the defendant or the man calling himself Barry Johnson in spite of telephone calls and visits to 422 Holiday City.

Captain Michael Warren of the Craven County Sheriff's Department testified that he questioned the defendant and she told him a man named Franklin Frisby told her he had ordered candy from Mr. Hill, using the name Barry Johnson. He instructed her to receive the candy using the name Mrs. A. Johnson, which she did. The defendant was convicted of all charges and received a prison sentence. She appealed.

*Attorney General Edmisten, by Associate Attorney T. Byron Smith, for the State.*

*Voerman and Ward, P.A., by William F. Ward, III, for the defendant appellant.*

WEBB, Judge.

[1]  The defendant argues under her first assignment of error that the four indictments on which she was tried are defective. She says this is so because each of the indictments fails to allege that the defendant's representations deceived School Plans, Inc. or that the merchandise was obtained as a direct result of the misrepresentation of the identity of the defendant. The indictments allege the property was obtained "by means of a false pretense which was calculated to deceive and did deceive" and "[t]he false pretense consisted of the following: the defendant received and accepted delivery . . . by representing herself as 'Mrs. A. Johnson.'" We hold that these allegations sufficiently allege that the defendant's misrepresentations deceived School Plans, Inc. and the property was obtained as a result of the misrepresentation.

[2]  The defendant next assigns error to the Court's failure to grant her motion to dismiss at the close of all the evidence. She bases this contention on what she says is the failure of proof that the victim relied on the false representation of her name to part with the property. She argues that a man representing himself as Mr. Johnson ordered the candy and told Mr. Hill that Mrs. Johnson would sign the receipt for it. Mr. Hill would have left the candy with whomever the person the putative Mr. Johnson told him would receive it. The defendant argues that for this reason Mr. Hill did not deliver the candy to the defendant in reliance on her misrepresentation of her name.

We believe the jury could find from the evidence that Mr. Hill would want to know the correct name of a person to whom he sold candy on credit. This is so because he would need the correct name to find the person in the event there was difficulty in collecting the account. For this reason the jury could find he relied on the name given him in delivering the candy. He would not have delivered it had he known the defendant had given him a fictitious name. The jury could find that this was a false representation on which Mr. Hill relied in delivering the candy. See *State v. Freeman*, 308 N.C. 502, 302 S.E. 2d 779 (1983) and *State v. Tesenair*, 35 N.C. App. 531, 241 S.E. 2d 877 (1978).

[3]  The defendant next argues that the testimony of Captain Warren should have been excluded because of a violation of the

defendant's constitutional rights as defined in *Miranda v. Arizona*, 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). Prior to reading her constitutional rights to the defendant, Captain Warren recorded her personal history, including her name, age, and address. The defendant's name is an important part of the evidence against her and the defendant argues Captain Warren's testimony as to it should have been excluded. Pursuant to *State v. Sellers*, 58 N.C. App. 43, 293 S.E. 2d 226, *cert. denied*, 306 N.C. 749, 295 S.E. 2d 485 (1982) we overrule this assignment of error.

[4] The defendant's last assignment of error is to the Court's charging on acting in concert. The defendant contends there was not sufficient evidence to support this charge. Captain Warren testified that the defendant told him that a man named Franklin Frisby had ordered candy from Mr. Hill under the name of Barry Johnson. She told him Mr. Frisby had instructed her to receive the candy at 422 Holiday City using the name A. Johnson, which she did. This is evidence from which the jury could conclude the defendant was acting in concert with Franklin Frisby to obtain property by a false pretense.

No error.

Judges PHILLIPS and MARTIN concur.