STATE OF NORTH CAROLINA v. DARIS DEXTER ALVERSON

No. 8817SC199

(Filed 18 October 1988)

**1. Criminal Law § 99.5— rape—comments to defense counsel—no error**
    The trial court did not express an opinion in a prosecution for rape where the judge's comments were routinely made in the course of the right and duty the trial judge had to control examination and cross-examination of witnesses and the questions asked were for clarification purposes; moreover, even if any of the comments were improper, defendant has not shown prejudice. N.C.G.S. § 15A-1222.

**2. Constitutional Law § 30— rape—failure to allow review of investigative file— no error**

 The trial court did not err in a rape prosecution by not allowing defense counsel to review the entire investigative file where the file consisted of internal documents made by law enforcement officers which were not subject to discovery. N.C.G.S. § 15A-904.

**3. Rape and Allied Offenses § 4.3— cross-examination concerning the victim's sexual activity with boyfriend—excluded—no error**

 The trial court did not err in a prosecution for rape by not allowing cross-examination of the victim about sexual activity with her boyfriend where defendant speculated that the victim was motivated to accuse him of rape because she was pregnant by her boyfriend. N.C.G.S. § 8C-1, Rule 412.

**4. Criminal Law § 138.14— rape—one aggravating factor—no mitigating factors —35-year sentence not improper**

 There was no abuse of discretion in the imposition of a 35-year sentence for second degree rape where there were no mitigating factors and the trial judge found as an aggravating factor that defendant had a prior conviction or convictions for offenses punishable by more than 60 days confinement.

APPEAL by defendant from *Wood, Judge*. Judgment entered 29 October 1987 in Superior Court, ROCKINGHAM County. Heard in the Court of Appeals 13 September 1988.

This is a criminal action wherein defendant was charged in a proper bill of indictment with first degree rape in violation of G.S. 14-27.2. The evidence presented at trial tends to show that the victim knew defendant, had been to his apartment previously, and had used drugs with him. On 3 May 1987, defendant asked the victim to take him somewhere. Defendant had the victim take him to a school where he was supposed to meet someone. While they were waiting, defendant pulled out a knife and forced the victim to have sex with him. She then drove defendant back home and went to a friend's house where she called the police.

The jury found defendant guilty of second degree rape, and he was sentenced to 35 years in prison. Defendant appealed.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Kaye R. Webb, for the State.*

*Daniel K. Bailey for defendant, appellant.*

HEDRICK, Chief Judge.

[1]  Defendant first contends the trial court erred by expressing its opinion as to his guilt in front of the jury. He bases this argument on 39 exceptions noted in the record. During the trial, the trial judge on numerous occasions sustained objections by the State that defendant's counsel was leading witnesses on direct examination. He admonished defendant's counsel by making comments such as "I can't let you testify for your own witness," and "[y]ou may ask when it was, that is an easy question, when, where, why and what." Defendant argues the trial judge did not admonish the State's attorney when he led witnesses, and that this expressed an opinion as to defendant's guilt.

The trial judge on other occasions admonished defendant's counsel for "badgering the witness" and "arguing" on cross-examination. Defendant contends that these comments and questioning of witnesses by the trial judge are examples of favoritism and partiality on the part of the trial judge. We disagree.

Under G.S. 15A-1222, the judge "may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." It is the right and duty, however, of the trial judge to control examination and cross-examination of witnesses. *State v. Turner*, 66 N.C. App. 203, 311 S.E. 2d 331, *disc. rev. denied*, 311 N.C. 768, 321 S.E. 2d 156 (1984). The trial judge may also ask a witness questions for the purpose of clarifying testimony. *State v. Jackson*, 306 N.C. 642, 295 S.E. 2d 383 (1982).

We have reviewed all the exceptions defendant has noted in the record in support of his argument, and find that the trial judge's comments did not express an opinion as to defendant's guilt. All of the comments were routinely made in the course of the right and duty the trial judge had to control examination and cross-examination of witnesses, and the questions asked were for clarification purposes. Even if any of the trial judge's comments or questions were improper, defendant has not shown that he was prejudiced. *See State v. Lofton*, 66 N.C. App. 79, 310 S.E. 2d 633 (1984). This argument has no merit.

[2]  Defendant's second argument is that "the trial court erred in not allowing defense counsel to review the entire investigative

file compiled in this case. . . ." G.S. 15A-904 provides that the Criminal Procedure Act "does not require the production of reports, memoranda, or other internal documents made by the prosecutor, law-enforcement officers, or other persons acting on behalf of the State in connection with the investigation or prosecution of the case. . . ." In this case, the investigative file requested by defendant consisted of internal documents made by law enforcement officers, and none of it was subject to discovery by defendant. This argument is without merit.

[3]  Defendant's third argument is that the trial court erred by not allowing cross-examination of the prosecuting witness about her sexual activity with her boyfriend. Under G.S. 8C-1, Rule 412, the sexual behavior of the prosecuting witness is irrelevant unless the behavior is as follows:

(1) Was between the complainant and the defendant; or

(2) Is evidence of specific instances of sexual behavior offered for the purpose of showing that the act or acts charged were not committed by the defendant; or

(3) Is evidence of a pattern of sexual behavior so distinctive and so closely resembling the defendant's version of the alleged encounter with the complainant as to tend to prove that such complainant consented to the act or acts charged or behaved in such a manner as to lead the defendant reasonably to believe that the complainant consented; or

(4) Is evidence of sexual behavior offered as the basis of expert psychological or psychiatric opinion that the complainant fantasized or invented the act or acts charged.

In this case, defendant wanted cross-examination of the prosecuting witness because he speculated she was motivated to accuse him of rape because she was pregnant by her boyfriend. This does not fall under an exception to Rule 412, and therefore is not relevant. The trial court was correct when it did not allow cross-examination of the prosecuting witness.

[4]  Finally, defendant contends the trial court erred by sentencing defendant based upon improper aggravating factors. The record indicates that the trial judge found as an aggravating factor that defendant had a prior conviction or convictions for offenses

punishable by more than 60 days confinement. No mitigating factors were found. The trial judge, in his sound discretion, may increase sentences from the presumptive term upon finding aggravating factors. *State v. Ahearn*, 307 N.C. 584, 300 S.E. 2d 689 (1983). A single aggravating factor is sufficient to support a sentence greater than the presumptive. *State v. Upright*, 72 N.C. App. 94, 323 S.E. 2d 479 (1984), *disc. rev. denied*, 313 N.C. 513, 329 S.E. 2d 400 (1985). The weight attached to a particular aggravating factor is within the discretion of the trial judge. *State v. Salters*, 65 N.C. App. 31, 308 S.E. 2d 512 (1983), *disc. rev. denied*, 310 N.C. 479, 312 S.E. 2d 889 (1984). In this case, there has been shown no abuse of discretion, and the trial judge's imposition of a 35-year sentence based on the aggravating factor found was not error.

We hold defendant had a fair trial, free from prejudicial error.

No error.

Judges ARNOLD and COZORT concur.