STATE v. MARTIN

[105 N.C. App. 182 (1992)]

═══════════════

STATE OF NORTH CAROLINA v. CLARENCE LEONARD MARTIN

No. 9018SC1255

(Filed 21 January 1992)

**1. Constitutional Law § 247 (NCI4th)— access to evidence in prosecutor's files denied—no error**

There was no merit to defendant's contention that the trial court erred in reversing its ruling ordering the State to turn over for inspection to defendant all items belonging to defendant in possession of the State or the FBI, since the prosecutor had an open file policy and gave the defense access to all materials in the State's possession; some of defendant's business records were seized by federal authorities pursuant to a federal grand jury subpoena; the federal court found that defendant had not shown a particularized need for the records as required by Federal Rule of Criminal Procedure 6; the superior court ruled that the defense had had ample time to specify which documents it needed; and the superior court adopted the findings of the federal court that defendant had failed to specify which documents it needed. N.C.G.S. § 15A-1443.

**Am Jur 2d, Depositions and Discovery § 430.**

**Right of accused in state courts to inspection or disclosure of evidence in possession of prosecution. 7 ALR3d 8.**

**2. Jury § 7.14 (NCI3d)— peremptory challenges—no racial discrimination shown**

The State showed neutral reasons for the exercise of peremptory challenges, and the trial court correctly concluded that circumstances indicating insidious and purposeful racial

STATE v. MARTIN

[105 N.C. App. 182 (1992)]

discrimination were absent where the prosecution used peremptory challenges to dismiss two black jurors on the basis of recommendations by the chief investigator, who was black; the investigator made such recommendations because one juror had never held a professional position and the second juror had an unstable work history and demeanor and body language which the investigator did not like; defendant excused two black jurors; the jury as finally empanelled included three blacks; and the defendant and all the victims were black.

**Am Jur 2d, Jury § 235.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

3. **Evidence and Witnesses § 322 (NCI4th) — evidence of prior offense — admissibility to show knowledge**

In a prosecution of defendant for obtaining property by false pretenses where defendant allegedly solicited various people to invest in a bogus car dealership network, the trial court did not err in admitting testimony concerning certain of defendant's checks being returned for insufficient funds since the evidence was relevant to show defendant's knowledge regarding the financial condition of the car dealership and his inability to meet the promises he made to investors regarding the guaranteed return on investment; moreover, defendant was not prejudiced by evidence of his purchase of automobiles using a bad check where the trial court instructed the jury to disregard the question and answer about the bad check.

**Am Jur 2d, Evidence § 323.**

4. **False Pretense § 3 (NCI3d) — evidence of intent — exclusion error**

In a prosecution of defendant for obtaining property by false pretenses where defendant allegedly solicited various people to invest in a bogus car dealership network, the trial court erred in excluding the testimony of defendant's attorney that he had advised defendant that a security agreement between the dealership network and a third corporation was void, since that evidence was relevant as to those indictments alleging that defendant pledged the inventory of the dealership network as collateral, and the evidence was relevant to show defendant's intent.

**Am Jur 2d, False Pretenses § 72.**

STATE v. MARTIN

[105 N.C. App. 182 (1992)]

5. **False Pretense § 3 (NCI3d)— intent to repay no defense — evidence properly excluded**

Since intent to repay is no defense to a charge of obtaining property by false pretenses, the trial court did not err in precluding defendant from arguing intent to repay to the jury.

**Am Jur 2d, False Pretenses § 72.**

6. **Criminal Law § 424 (NCI4th)— failure of spouse to testify — argument not prejudicial error**

While the State's comment on defendant's wife's failure to take the stand violated the letter of N.C.G.S. § 8-57(a) and was error, the admission of this argument did not rise to the level of reversible error where the prosecutor recounted that defendant's employees had failed to testify, including defendant's wife, and this argument emphasized the wife's status as an employee of the company and not her status as defendant's spouse.

**Am Jur 2d, Trial § 597.**

**Propriety and prejudicial effect of prosecutor's argument commenting on failure of defendant's spouse to testify. 26 ALR4th 9.**

7. **Criminal Law § 444 (NCI4th)— jury argument — belief that evidence sufficient**

The prosecutor's jury argument, "And I didn't do that . . . because I felt that there was sufficient evidence before the jury," was not improper.

**Am Jur 2d, Trial § 554.**

8. **Criminal Law § 373 (NCI4th)— court's suggestion to prosecutor — no opinion on evidence**

The trial court did not express an opinion on the evidence when defendant objected to the State's introduction of bank records on the ground that the witness lacked personal knowledge of the documents and checks, and the court stated, "Would you indicate the inquiry of the witness' familiarity with the system itself. And his position, please."

**Am Jur 2d, Trial § 280.**

STATE v. MARTIN

[105 N.C. App. 182 (1992)]

APPEAL by defendant from judgment entered 27 April 1990 by *Judge Melzer A. Morgan, Jr.* in GUILFORD County Superior Court. Heard in the Court of Appeals 23 September 1991.

The State's evidence presented at trial tended to show the following: During December 1987 through July 1988, defendant solicited various people to invest in a floor plan financing arrangement called the High Interest Investment Program for World Car Corporation (WCC). Defendant sent out a written invitation that provided:

> World Cars [sic] Corporation signs an auto share agreement with you for your investment of between one thousand to one hundred thousand. Your money will be used to purchase cars for lease and rental fleets.
>
> World Cars will rent or lease these units to our thousands of customers through our Dealership Network in Greensboro, Charlotte, Winston-Salem, Raleigh, Durham, and surrounding areas within North Carolina. World Cars currently has a [backlog] of customers waiting for our automobiles.

The letter promised no risk of loss and interest payments of 5 percent monthly or 60 percent annually. The letter also said that the investment was secured by the automobiles and that "[y]our investment is protected by a State of North Carolina UCC lien filing showing your name as a participating owner of the Cars in our fleet."

Through these representations, defendant induced the following persons to invest the sums listed: Prince Earl and Ruth Smith, $25,000; P.E. Smith, $10,000; Viola Morris, $2,000; Quincy H. Holt, $1,000; Thomas E. Brewington, $10,000; and Theodore and Gladys Plowden, $2,000. In fact, no network of World Car Corporation dealers existed; Martin did not have the means to pay the promised interest payments, the vehicles which were to be pledged to secure the investments did not belong to Martin or were not available to secure the interests of the investors, and Martin filed no documents to make the investors secured parties under the Uniform Commercial Code. None of the investors received the promised interest payments and none had status as secured investors as Martin had promised.

Defendant was indicted on six counts of embezzlement and six counts of obtaining property by false pretenses. On 27 April

1990 defendant was convicted on all counts with the court allowing defendant's motion to arrest judgment on the embezzlement charges. He was sentenced to a term of 20 years active time with a 26-year suspended sentence commencing at the expiration of the active term. Defendant appeals.

*Attorney General Lacy H. Thornburg, by Associate Attorney General Patsy Smith Morgan, for the State.*

*Assistant Public Defender Frederick G. Lind for defendant-appellant.*

EAGLES, Judge.

Defendant contends that the trial court erred by (1) ruling that the State was not required to turn over to the defense items that belonged to defendant that were in the possession of the State, the F.B.I. or any other state or federal agency; (2) denying defendant's motion to dismiss the jury panel for an alleged violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986); (3) admitting evidence concerning checks returned for insufficient funds; (4) excluding the testimony of T.O. Stokes; (5) granting the State's motion in limine regarding defendant's closing argument and overruling defendant's objections to the State's closing argument; (6) giving advice to the prosecutor in the presence of the jury; and (7) denying defendant's motion to dismiss due to the insufficiency of the evidence. We agree in part and grant defendant a new trial in 88 CRS 68627, 68628, 68630 and 89 CRS 20528. We find no prejudicial error in 88 CRS 20527 and 89 CRS 20529.

[1] Defendant first contends that the trial court erred in "reversing its ruling ordering the state to turn over for inspection to the defendant all items belonging to the defendant in possession of the State, the F.B.I. agent, or any other federal or state agency assisting the state." We find this argument without merit. The record indicates that the prosecutor had an open file policy and gave the defense access to all materials in the State's possession. Some of the defendant's own business records had been seized by federal authorities pursuant to a federal grand jury subpoena and were subject to Federal Rule of Criminal Procedure 6(e), which governs disclosure of grand jury proceedings. The federal court found that defendant had not shown a particularized need for the records as required by Rule 6. Here, the superior court ruled that

the defense had had ample time to specify which documents it needed. The superior court also adopted the findings of the federal court that defendant had failed to specify which documents it needed. There is no indication in the record that defendant attempted to appeal from the federal court's ruling. On the record before us, we cannot conclude that defendant was prejudiced by the denial of access to these records. G.S. 15A-1443. Accordingly, this assignment of error is overruled.

[2] Defendant next contends that the trial court erred by denying defendant's motion to dismiss the jury panel for an alleged violation of the rules announced in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Here, the prosecution used peremptory challenges to dismiss two black jurors. The trial court ruled that defendant had established a prima facie case of discrimination in the selection of the jury and required the prosecutor to disclose the reasons for excusing these jurors. The chief investigator in the case, who was black, testified that he recommended that the State dismiss one juror because he had never held a professional position. He testified that he recommended that the State dismiss the second juror because he had a somewhat unstable work history. He also testified that he recommended the removal of this juror because he did not like his demeanor and body language. We note also that the defendant excused two black jurors and that the jury as finally impaneled included three blacks. In this case, the defendant was black and all of the victims were black. On this record we conclude that the State showed neutral reasons for exercise of the peremptory challenges and the trial court correctly concluded that circumstances indicating insidious and purposeful racial discrimination were absent. Accordingly, this assignment of error is overruled.

[3] Defendant also contends that the trial court erred in admitting testimony concerning certain of his checks being returned for insufficient funds and defendant's purchase of automobiles using a bad check. We find defendant's arguments unpersuasive. First, the testimony regarding the return of checks for insufficient funds is relevant to show defendant's knowledge regarding the financial condition of WCC and his inability to meet the promises he made to investors regarding the guaranteed return on investment. Additionally, as to defendant's purchase of automobiles with bad checks, the trial court instructed the jury to disregard the question and answer about the bad check. Defendant has failed to show any

prejudice as required under G.S. 15A-1443. Accordingly, this assignment of error is overruled.

**[4]**  Defendant next argues that the trial court erred by excluding the testimony of defendant's attorney, T. O. Stokes, regarding a security agreement between WCC and Vaillencourt Corporation. This evidence was relevant as to those indictments which allege that defendant pledged the inventory of World Car Corporation as collateral (88 CRS 68627, 88 CRS 68628, 88 CRS 68630, 89 CRS 20528). The defense made an offer of proof that attorney Stokes had advised the defendant that the security agreement between Vaillencourt and defendant was null and void and ineffective to create a valid security interest in the vehicles. We agree with defendant that this evidence was relevant to show defendant's intent. "When intention is considered relevant it may . . . like other facts, be proved by circumstantial evidence." 1 H. Brandis, North Carolina Evidence § 83 (1988). We disagree with the State's contention at trial that this testimony was irrelevant and "would only become relevant if in fact the defendant took the stand and said that he relied upon the advice of his counsel, and if he says that, then it would be relevant to corroborate him." We note that "admissibility is governed by the general rules applicable to substantive evidence, and the 'corroboration' label neither adds to nor detracts from its competency." 1 H. Brandis, North Carolina Evidence § 49 (1988). We hold that the exclusion of this testimony constitutes prejudicial error and accordingly grant defendant a new trial in 88 CRS 68627, 88 CRS 68628, 88 CRS 68630, and 89 CRS 20528.

We are not persuaded by defendant's arguments that the trial court erred in excluding Stokes' testimony that defendant attempted to improve the financial condition of WCC. Because we fail to see the relevance of this testimony, we overrule this assignment of error.

**[5]**  Next, we address defendant's contentions regarding the closing arguments. First, defendant contends that the trial court erred in precluding him from arguing that he intended to repay the victims. This contention is without merit in that this Court has said that intent to repay is no defense to a charge of obtaining property by false pretenses. *State v. Tesenair*, 35 N.C. App. 531, 241 S.E.2d 877 (1978).

**[6]**  Defendant also contends that the trial court erred in allowing the State to comment on defendant's wife's failure to take the

STATE v. MARTIN

[105 N.C. App. 182 (1992)]

stand. We agree that the court erred in allowing the comment; however, the comment did not constitute prejudicial error. Defense counsel argued:

> All we can say, put one employee up to say there never was a fleet. And you notice that hasn't been contradicted in any way. There's never been any other employee take the stand. Mrs. Martin didn't take the stand.

> MR. HAYES: Objection, Your Honor.

> THE COURT: Sustained.

> MR. PANOSH: Your Honor, I said Mrs. Martin.

> THE COURT: You may comment upon Mrs. Martin not testifying.

> MR. PANOSH: No other employee of that corporation, including Mrs. Martin, took the stand and testified that there was a rental fleet, because there was none.

G.S. 8-57(a) provides in part: "The spouse of the defendant shall be a competent witness for the defendant in all criminal actions, but the failure of the defendant to call such spouse as a witness shall not be used against him." Defendant relies on *State v. McCall*, 289 N.C. 570, 223 S.E.2d 334 (1976) and *State v. Thompson*, 290 N.C. 431, 226 S.E.2d 487 (1976), to argue that the admission of this testimony constitutes prejudicial error. *McCall* and *Thompson* are distinguishable from the instant case. In *McCall* the prosecutor cross-examined the defendant about his wife's failure to testify and emphasized that point in closing argument. In *Thompson*, 290 N.C. at 446, 226 S.E.2d at 496, the solicitor argued: "Have you heard from his wife? I can't use a man's wife against him, but he can use his wife for himself. Wouldn't she be a good person to tell you when he came in and how he got in the house? Have you heard from her?" Here, the prosecutor recounted that defendant's employees had failed to testify, including Mrs. Martin, who was identified as the assistant manager of the company. The argument emphasized Mrs. Martin's status as an employee of WCC and not her status as defendant's spouse. While we agree that the admission of this argument violates the letter of G.S. 8-57(a) and was error, we hold that its admission does not rise to the level of reversible error. Accordingly, this assignment of error is overruled.

[7]   Next defendant contends that the trial court erred by overruling defendant's objection to the following comment in the prosecutor's closing argument: "And I didn't do that, ladies and gentlemen of the jury, because I felt that there was sufficient evidence before this jury." In *State v. Black*, 308 N.C. 736, 744, 303 S.E.2d 804, 808 (1983), the Supreme Court said: "We see nothing improper in a prosecutor stating in his opening remarks to the jury that the State *will*, or he *thinks* it will, carry [its] burden." In our view, the prosecutor's comment here was of a similar character, and we overrule this assignment of error.

[8]   Defendant also argues that the trial court erred by giving advice to the prosecutor in the presence of the jury and "convey[ing] to the jury the opinion that the judge was favoring the prosecution." While the prosecutor was attempting to lay a foundation for the introduction of bank records, the defendant objected based on the witness' purported lack of personal knowledge of the documents or the checks. The trial court said, "Would you indicate the inquiry of the witness' familiarity with the system itself. And his position, please." This Court has noted:

> Under G.S. 15A-1222, the judge "may not express during any stage of the trial, any opinion in the presence of the jury on any question of fact to be decided by the jury." It is the right and duty, however, of the trial judge to control examination and cross-examination of witnesses. The trial judge may also ask a witness questions for the purpose of clarifying testimony.

*State v. Alverson*, 91 N.C. App. 577, 579, 372 S.E.2d 729, 730 (1988) (citations omitted). As in *Alverson*, we find here that the trial judge's comments did not express an opinion about the defendant's guilt and were permissible.

Finally, defendant contends that the trial court erred by denying his motion to dismiss due to the insufficiency of the evidence. We note that because defendant offered evidence, he is precluded from arguing the trial court's denial of that motion as grounds for appeal under the Rules of Appellate Procedure. "If a defendant makes [a motion to dismiss the action] after the State has presented all its evidence and has rested its case and that motion is denied and the defendant then introduces evidence, his motion for dismissal or judgment in case of nonsuit made at the close of the State's evidence is waived. Such a waiver precludes the defendant from

urging the denial of such motion as a ground for appeal." N.C.R. App. P. 10(b)(3).

For the reasons stated, we find no prejudicial error in 89 CRS 20527 and 89 CRS 20529 and grant defendant a new trial in 88 CRS 68627, 88 CRS 68628, 88 CRS 68630 and 89 CRS 20528, those cases in which the State alleges that the vehicles pledged by defendant to secure the investments were subject to a prior valid security interest held by Vaillencourt Corporation.

No error as to 89 CRS 20527 and 89 CRS 20529.

New trial as to 88 CRS 68627, 88 CRS 68628, 88 CRS 68630 and 89 CRS 20528.

Chief Judge HEDRICK and Judge GREENE concur.